STATE OF MONTANA,

Plaintiff,                                          NO. DC 89-06

vs.                                                     DECISION

**ROBERT EDWARD HAGAN,**

Defendant.

On October 12, 1989, the Defendant was sentenced to a term of thirty (30) years for Count I: Attempted Sexual Intercourse without Consent, a felony. Ten (10) of those years will be suspended following conditions as listed in the October 12, 1989 Judgment. On Count II: Assault, a misdemeanor, the defendant is sentenced to the Rosebud County Jail for a period of 180 days, no time to be suspended. The terms of the sentences shall be served consecutively. The defendant shall have completed the prison sex offender program before he becomes eligible for parole, and that the defendant is responsible for the costs of any follow up treatment required as either as a condition of parole or condition of suspended sentence. Credit is given for time served in the amount of 154 days. The Defendant is designated a dangerous offender.

On August 19, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Jay Lansing, Attorney at Law, from Billings. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the dangerous designation shall be removed. Before the defendant is

released from prison he will complete Phase I and II of the Prison Sex Offender Program. There will be no contact with any child before they reach the age of 18, without adult supervision. All other portions of the sentence shall remain the same.

The reason for the decision is not because the sentence was improperly imposed but because the dangerous designation has outlived any usefullness and it serves no purpose. Furthermore, it is the intention of the Sentence Review Board that the defendant's parole eligibility will not be diminished by the amended decision as he must complete Phase I and II of the Prison Sex Offender Program.

Done in open Court this 19th day of August, 1994.

SIGNED this 17th day of October, 1994.

**Hon. G. Todd Baugh, Chairman, Hon. John Warner and**
**Hon. Ed McLean, Members.**

The Sentence Review Board wishes to thank Jay Lansing, Attorney at Law, from Billings for his assistance to the defendant and to this Court.